*E-FILED - 8/18/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LITMON, JR., ) | No. C 05-4328 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL WITH |
| ) | LEAVE TO AMEND |
| vs. ) | |
| ) | |
| SANTA CLARA COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act under 42 U.S.C. § 2000 et seq. ("RLUIPA"). Plaintiff is a civil detainee under California's "Sexually Violent Predators Act," California Welfare & Institutions Code § 6600 et seq. ("SVPA") who has been housed within the Santa Clara County Department of Corrections intermittently since May 1999. Plaintiff alleges that he is being denied his right to exercise his religious faith under RLUIPA, and is being improperly held under conditions of confinement similar to those afforded criminal detainees and convicts, in violation of the Fourteenth Amendment. The court will review plaintiff's complaint pursuant to 28 U.S.C. §1915.

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.05\Litmon328dwlta

**DISCUSSION**

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). The Court must dismiss the action if at any time it determines that the allegations of poverty in the in forma pauperis application are untrue, the action is frivolous or malicious, the action fails to state a claim, or the plaintiff seeks monetary relief from a defendant who is immune. <u>Id.</u> Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995).

B. <u>Legal Claims</u>

Plaintiff is currently being held in county jail for a trial on whether he should be involuntarily committed as a sexually violent predator under the SVPA. Plaintiff's complaint sets forth two general claims with several subparts, alleging violations of his civil rights under RLUIPA and the Fourteenth Amendment. He names only one defendant, Santa Clara County.

Plaintiff has not stated a claim for relief on the basis of municipal liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, <u>see</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts

1  of its employees under the theory of respondeat superior, see <u>Board of County Comm'rs v.</u>
2  <u>Brown</u>, 520 U.S. 397, 403 (1997).  To impose municipal liability, a plaintiff must show that:
3  (1) he possessed a constitutional right of which he was deprived; (2) the entity had a policy; (3)
4  the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the
5  policy is the moving force behind the constitutional violation.  <u>Plumeau v. School Dist. #40</u>
6  <u>County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has failed to allege any official
7  policy, that the policy amounted to deliberate indifference to his rights under RLUIPA or the
8  Fourteenth Amendment, or that the policy was the moving force behind the alleged violation of
9  these rights.  Accordingly, plaintiff fails to state a claim for relief based on municipal liability.
10 Plaintiff will be given leave to amend the complaint to set forth the factual elements, as
11 described above, establishing municipal liability of defendant Santa Clara County for the alleged
12 violations of RLUIPA and the Fourteenth Amendment

13      Plaintiff may also name individual jail officials as defendants.  If he chooses to do so, he
14 must allege specific facts demonstrating how each individual defendant proximately caused a
15 violation of his rights.  <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff must name
16 the individual, specify what actions he or she took that caused a violation of his rights, and
17 identify the date on which such actions were taken.  The complaint alleges facts without
18 explaining the actions or involvement of any individual official.

19      For the foregoing reasons, plaintiff has failed to state a cognizable claim for relief.
20 Plaintiff will, however, be given leave to AMEND the complaint to either (1) state a claim
21 setting forth the factual elements of municipal liability in relation to the alleged violations of
22 RLUIPA and the Fourteenth Amendment, or (2) identify the individual officials involved in the
23 alleged RLUIPA and Fourteenth Amendment violations along with specific facts showing how
24 each such defendant's actions have caused him injury or harm.

25      Within **thirty days** of the date this order is filed, plaintiff shall file an amended complaint
26 that includes sufficient facts in support of his claims against each individual defendant and the
27 alleged constitutional violations he suffered.  Plaintiff must allege facts supporting each claim
28 separately in his amended complaint showing his entitlement to relief from each named

defendant. Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to the defendant(s) as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. **The failure to comply with these instructions will result in the dismissal of plaintiff's claims without prejudice.**

## CONCLUSION

1.  Plaintiff's complaint is hereby DISMISSED with leave to amend, as indicated above, within **thirty days** from the date of this order. The amended complaint must include the caption and civil case number used in this order (05-4328 RMW (PR)) and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). Plaintiff may not incorporate material from the complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all documentation and supporting information with the amended complaint. **Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.**

2.  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so.

4.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: __8/15/08_____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.05\Litmon328dwlta        4